JS-6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SREAM, INC, a California corporation,<br><br>　　Plaintiff,<br><br>v.<br><br>KHALIL ENTERPRISE, INC., MAYA & JILL, INC., JA Y YUN, HAITHAM GHRIR; and DOES 1-10 INCLUSIVE,<br><br>　　Defendants. | Case No. 5:14-cv-01691-SP<br><br>**STIPULATED FINAL JUDGMENT AND PERMANENT INJUNCTION AGAINST DEFENDANT <u>MAYA & JILL, INC.</u>** |

**JUDGMENT**

# FINAL JUDGMENT AND PERMANENT INJUNCTION

This Court, having made the following findings of fact and conclusions of law pursuant to the parties' stipulation:

A.	Plaintiff Sream, Inc. ("Sream" or "Plaintiff") filed suit against Defendant Maya & Jill, Inc. ("M&J"), alleging that M&J violated Sream's rights under 15 U.S.C. §§ 1114, 1116, 1125(a), (c), and (d), and Cal. Bus & Prof. § 17200 *et seq.* ("Action");

B.	The Parties entered into a settlement agreement as of October 2014 ("Settlement Agreement"), which requires entry of the stipulated judgment set forth herein;

And good cause appearing therefore, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED THAT:

1.	That judgment be entered in favor of Sream against M&J on all claims.

2.	For the purposes of binding preclusive effect on M&J as to future disputes with respect to the Action or Settlement Agreement between M&J on the one hand and Sream on the other hand, and only for such purposes, M&J admits the following:

   a. Mr. Martin Birzle is now, and has been at all times since the dates of issuance, the owner of United States Trademark Registration Nos. 2,235,638; 2,307,176; and 3,675,839 (the "RooR Marks") and of all rights thereto and thereunder.

   b. The RooR Marks are valid and enforceable.

   c. Since at least 2011, Plaintiff Sream has been the exclusive licensee of the RooR Marks in the United States. Mr. Birzle has been granted all enforcement rights to Sream to sue for obtain injunctive and monetary relief for past and future infringement of the RooR Marks.

   d. M&J, by the actions described in the complaint, has infringed upon the RooR Marks.

3.	M&J, and those acting on M&J's behalf (including its owners, shareholders, principals, officers, agents, servants, employees, independent contractors, and partners), are permanently enjoined from producing, manufacturing, distributing, selling, offer for sale, advertising, promoting, licensing, or marketing (a) any product bearing the RooR Marks or

(b) any design, mark, or feature that is confusingly similar to the RooR Marks (collectively, the "Injunction").

4.  M&J is bound by the Injunction regardless of whether Mr. Martin Birzle assigns or licenses its intellectual property rights to another for so long as such trademark rights are subsisting, valid, and enforceable.  The Injunction inures to the benefit of Mr. Martin Birzle's successors, assignees, and licensees.

5.  This Court (or if this Court is unavailable, any court within the Central District of California) shall retain jurisdiction over all disputes between and among the Parties arising out of the Settlement Agreement and Injunction, the Stipulation which includes the Injunction, and this final judgment, including but not limited to interpretation and enforcement of the terms of the Settlement Agreement.

6.  The Parties waive any rights to appeal this stipulated judgment, including without limitation the Injunction.

IT IS SO ORDERED.

Dated:  October 7, 2014

_____/s/_____
Hon. Sheri Pym
United States Magistrate Judge